# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LYDIA MARTINEZ,

    Plaintiff,

v.
                           Case No. 6:21-cv-516-JA-LRH

LIBERTY MUTUAL INSURANCE
COMPANY,

    Defendant.

## ORDER

Plaintiff, Lydia Martinez, moves to remand this case to the state court from which it was removed by Defendant, Liberty Mutual Insurance Company. (Mot., Doc. 10). As set forth below, the motion is denied.

### I. Background

Martinez initiated this action by filing a one-count Complaint for breach of contract in state court on March 5, 2021. (Doc. 1-1 at 1–4). She alleges that Liberty Mutual issued a policy of homeowner's insurance to her; that her property suffered a covered loss on November 18, 2020; that she timely reported the loss to Liberty Mutual; and that Liberty Mutual breached the policy by "failing and refusing to fully pay for and/or indemnify" Martinez. (Id. at 2–3). The Complaint seeks damages in excess of $30,000 (the minimum for Florida circuit courts). (Id. at 1). It also requests an award of attorney's fees. (See id.

at 3–4).

On March 22, 2021, Liberty Mutual removed the case to this Court, invoking this Court's subject-matter jurisdiction under 28 U.S.C. § 1332 based on the parties' diverse citizenship and a purported amount in controversy in excess of the $75,000 threshold for diversity jurisdiction. (Notice of Removal, Doc. 1). In its Notice of Removal, Liberty Mutual noted that with the Complaint, Martinez had "submitted an estimate of the alleged damage that totals $79,066.84," (id. at 3), and Liberty Mutual attached that lengthy and detailed estimate—prepared by an insurance adjuster—to its Notice, (see Doc. 1-1 at 5–36).

In her motion to remand, Martinez asserts that Liberty Mutual has not established that the amount-in-controversy exceeds $75,000. Liberty Mutual opposes the motion, relying on the repair estimate and a "Sworn Statement in Proof of Loss" signed by Martinez. (See Resp., Doc. 18)

II. **Discussion**

Having considered Martinez's motion, Liberty Mutual's response, and the record, the Court finds Martinez's motion to be without merit. Liberty Mutual, as the party invoking this Court's jurisdiction, bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) Liberty Mutual has met its burden here.

Liberty Mutual initially submitted the detailed repair estimate of $79,066.84 that Martinez filed with her Complaint, and Liberty Mutual has now also submitted a Sworn Statement in Proof of Loss signed by Martinez on January 21, 2021. That statement lists a replacement cost of $79,066.84 and policy limits of $300,000. (Doc. 18-1). And although not mentioned by either party, on the Civil Cover Sheet that Martinez filed in state court along with her Complaint Martinez checked the box for an "amount of claim" in the range of "$75,001–$100,000"—not one of the four lower ranges on that form. (Doc. 1-3 at 1).

Martinez's protestations against the amount in controversy being satisfied here ring hollow. She vaguely asserts that Liberty Mutual is "speculating," but that clearly is not so. And she attempts to back away from the amount set forth in the repair estimate that she filed and in her Sworn Statement in Proof of Loss, arguing that the repair estimate is only $65,486.82. (See Doc. 10 at 2). But the documents presented by Liberty Mutual are sufficient to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. And even if the Court were to accept Martinez's $65,486.82 figure as the repair estimate—which it does not—Martinez's demand for attorney's fees would easily push the amount in controversy above

the $75,000 threshold.[1]

III. Conclusion

Accordingly, it is **ORDERED** that Plaintiff's Motion for Remand (Doc. 10) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on April 22, 2021.

                                   JOHN ANTOON II
                                   United States District Judge

Copies furnished to:
Counsel of Record

---

[1] Martinez also asserts that removal of this case was improper because Liberty Mutual has moved to dismiss on the basis that it was incorrectly named as the Defendant in this case. (See Doc. 10 at 1). She cites no authority for this contention, which is without merit.

4